# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JIMI L. HARRIS,
                Appellant,

                v.

EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION,
                Agency.

DOCKET NUMBER
DC-0752-15-0733-I-1

DATE: February 29, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jimi L. Harris</u>, San Diego, California, pro se.

<u>John F. Sherlock, III</u>, Esquire, and <u>Tiane Doman,</u> Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction and found that, because the appeal of the appellant's 2012 within-grade increase (WIGI) previously had been dismissed, the Board did not have jurisdiction over the claim.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as MODIFIED to clarify that we are applying the preponderant evidence standard, rather than the nonfrivolous allegation standard, to the appellant's involuntary retirement claim, we AFFIRM the initial decision as to that claim.  We VACATE the initial decision's finding that the Board lacks jurisdiction over the denial of the appellant's WIGI and instead FORWARD that matter to the regional office for docketing as a separate appeal.

**BACKGROUND**

¶2 The appellant was employed as an Equal Employment Opportunity (EEO) Investigator.  Initial Appeal File (IAF), Tab 18 at 4.  In September 2011, the agency proposed his removal for charges related to his background investigation process.  IAF, Tab 24 at 95-98.  On February 9, 2012, the appellant received a letter of warning for unprofessional conduct from his supervisor.  *Id*. at 43.  In April 2012, the agency issued a decision that did not sustain the proposed removal.  *Id*. at 30-31.

¶3 While this was occurring, the appellant went out on extended leave, beginning on February 15, 2012.  IAF, Tab 20 at 119-39, Tab 21 at 97-102, 106,

113, 118. He stated that this leave was due to aggravation of his disability by work-related stress. IAF, Tab 14 at 46, 48. On May 1, 2012, the appellant returned to the office. IAF, Tab 20 at 119; *see* IAF, Tab 14 at 46. Later that month, he received an "unsatisfactory" midyear performance review. IAF, Tab 22 at 194-208. In June 2012, the agency denied the appellant's WIGI, *id*. at 78-79, and placed him on a performance improvement plan (PIP), IAF, Tab 23 at 23-39. Also in June 2012, the appellant requested a reasonable accommodation, alleging that he suffered from a mental impairment related to work stress and requesting that he be reassigned to a position outside the purview of his current management. IAF, Tab 21 at 155. In July 2012, the agency denied the appellant's request because the Disability Program Manager determined that there were no suitable, vacant, funded positions. *Id*. at 144.

¶4      Between May and August 2012, the appellant filed an EEO complaint, a Board appeal, and an Office of Workers' Compensation Programs (OWCP) claim. He initiated EEO contact in May 2012, and filed a formal EEO complaint in August 2012. IAF, Tab 18 at 48-50, 82-84. He alleged that the agency had discriminated against him on the bases of race, religion, sex, age, and disability, and retaliated against him for prior EEO activity, when agency officials proposed his removal, denied his request for a reasonable accommodation, denied his WIGI, and harassed him. *Id*. at 48-49. He also filed a Board appeal in June 2012, challenging the WIGI denial, but the administrative judge dismissed the appeal for lack of jurisdiction in July 2012, because the agency had not issued a reconsideration decision. *Harris v. Equal Employment Opportunity Commission*, MSPB Docket No. DC-531D-12-0612-I-1, Initial Decision (July 5, 2012) (0612 ID). Later that month, the agency issued a reconsideration decision affirming the prior WIGI denial. IAF, Tab 22 at 67-69. In August 2012, the appellant filed an OWCP claim in which he alleged that he sustained a traumatic injury in the form of an emotional condition resulting from being denied a reasonable

accommodation. IAF, Tab 21 at 50. OWCP denied that claim in October 2012. *Id*. at 22-25.

¶5 In July 2012, the appellant again went out on leave and never returned to work. IAF, Tab 20 at 81-105; *see* IAF, Tab 21 at 58, 74, 137-40. On October 31, 2012, the appellant, through his representative, notified the agency that he would retire effective November 1, 2012, because "he had no other choice." IAF, Tab 20 at 169. On November 2, 2012, the agency sent him a letter directing him to return to work on November 12, 2012, and notifying him that any additional absences would be coded as absence without leave. *Id*. at 175-76. The agency processed his retirement in December 2012. *Id*. at 23-24. The appellant's Standard Form 50, Notification of Personnel Action, listed the effective date of his retirement as December 31, 2012. *Id.* at 53.

¶6 In February 2013, the appellant amended his EEO complaint to include a constructive discharge claim. IAF, Tab 18 at 115. The agency issued a final agency decision (FAD) in December 2014, finding no discrimination. *Id*. at 27-44. Specifically, the agency found that the appellant had not shown that he was subjected to discrimination or reprisal, was not denied a reasonable accommodation, and was not subjected to a hostile work environment or constructively discharged. *Id*. The agency also found that the appellant had not established that he was subjected to discrimination when he was denied a WIGI and was not subjected to discriminatory and retaliatory harassment that resulted in his being forced to retire. *Id*. at 36, 40-41.

¶7 The appellant filed the instant Board appeal in which he challenged the findings of the FAD. IAF, Tab 1. He did not request a hearing.[2] *Id*. In his

---

[2] On review, the appellant asserts that he did not request a hearing because he could not afford an attorney to represent him at the hearing. Petition for Review File, Tab 1 at 4. To the extent that the appellant is now alleging his entitlement to a hearing, we find that he is not entitled to a hearing because he did not initially request a hearing on his appeal form, IAF, Tab 1, and he did not file a request for a hearing after the acknowledgment order informed him that he could do so within 10 days of its issuance,

acknowledgment order, the administrative judge notified the appellant that his appeal would be dismissed unless he amended his appeal to allege that his retirement was the result of duress, coercion, or misrepresentation by the agency. IAF, Tab 3. The appellant responded, asserting that an agency official subjected him to "ongoing reprisals" and detailing a variety of actions that he alleged were discriminatory. IAF, Tab 14.

¶8      The administrative judge issued an initial decision finding that: (1) the appellant failed to establish jurisdiction over his constructive removal appeal; (2) the Board did not have jurisdiction to independently adjudicate the appellant's discrimination claims; and (3) the Board did not have jurisdiction to adjudicate the 2012 denial of the appellant's WIGI because it was barred by the doctrine of collateral estoppel.[3]  IAF, Tab 35, Initial Decision (ID) at 6-11. The appellant

_____

IAF, Tab 3. *See* 5 C.F.R. § 1201.24(e) (if an appellant does not make a timely request for a hearing, then the right is waived); *see also Nugent v. U.S. Postal Service*, 59 M.S.P.R. 444, 446-47 (1993) (finding that the appellant waived his right to a hearing when he failed to request one either on his appeal form or within the timeframe established by the administrative judge's order). Moreover, the Board has held that an appellant cannot avoid the consequences of his choice to represent himself even if he appears pro se because he cannot afford an attorney. *Embry v. Department of Transportation*, 13 M.S.P.R. 505, 507 (1982).

[3] The FAD did not notify the appellant of his mixed-case appeal rights. IAF, Tab 18 at 43-44. However, on April 27, 2015, the agency notified the appellant of his right to file a Board appeal, IAF, Tab 33 at 4, and he filed his Board appeal shortly thereafter on May 12, 2015, IAF, Tab 1. The administrative judge found, and both parties agreed, that the appeal was timely filed. IAF, Tab 35, Initial Decision at 6. We see no reason to disturb this finding. In addition, the administrative judge found that, because the agency did not issue a final determination on the timeliness issue and because the EEO investigation appeared to consider the appellant's retirement date as December 31, 2012, less than 45 day before the appellant initiated EEO counseling regarding his retirement, his Board appeal would not be considered untimely, despite the agency's arguments that his EEO complaint was untimely filed. *Id*. We also see no reason to disturb these findings. *See Moore v. U.S. Postal Service*, 91 M.S.P.R. 277, ¶ 8 (2002) (explaining that an administrative judge may not dismiss an appeal as untimely filed based on the untimeliness of the appellant's EEO complaint absent evidence of either a FAD dismissing the EEO complaint as untimely filed that was not appealed to the Equal Employment Opportunity Commission (EEOC), or a decision by the EEOC dismissing the complaint as untimely filed).

has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.[4]  He challenges the administrative judge's factual findings concerning the voluntariness of his retirement and reiterates his argument that his WIGI was improperly denied.[5]  *Id*. at 4-18.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not proven that his retirement was involuntary.

¶9        We agree with the administrative judge that the appellant has not proven that his retirement was involuntary.  An employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency.  *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009).  In cases such as this one, where the employee alleges that the agency took actions that made working conditions so intolerable that the employee was driven to an involuntary retirement, the Board will find an action involuntary only if the employee demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to retire.  *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501,

---

[4] The appellant attaches his 2012 response to his midyear performance review to his petition. PFR File, Tab 1 at 19-22.  This evidence is not new because it is contained in the record below.  IAF, Tab 14 at 32-35.  We therefore do not reconsider it.  *See* 5 C.F.R. § 1201.115(d).

[5] On review, the appellant argues that several of his assertions could be supported through additional discovery.  *See, e.g.*, PFR File, Tab 1 at 6, 9-10, 14.  There is no indication that the appellant filed a motion to compel discovery during the proceeding below and he has not presented any basis for failing to participate in discovery consistent with the Board's regulations regarding timely discovery.  *See* 5 C.F.R. § 1201.73.  Accordingly, these arguments do not provide a basis for disturbing the initial decision.

¶ 20 (2007). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness. *Id*.

¶10   If an appellant makes nonfrivolous allegations of jurisdiction, i.e., allegations that, if proven, would establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 16 (2013). However, where, as here, the appellant has not requested a hearing, the threshold question is not whether he has raised a nonfrivolous allegation of jurisdiction, but whether he has established by preponderant evidence[6] that the Board has jurisdiction over his appeal.[7] *Vitale*, 107 M.S.P.R. 501, ¶ 18.

¶11   On review, the appellant asserts his disagreement with several agency actions. He asserts that the agency discriminated against him by denying him a promotion in December 2010, in retaliation for two letters that he sent to the Chair of the agency. PFR File, Tab 1 at 5-6. He also argues that the administrative judge should have considered the proposed removal as another discriminatory action taken by one of his supervisors. *Id*. at 8. Additionally, the appellant disagrees with the issuance of the February 2012 letter of warning and states that it was issued after his supervisor knew that he had filed an EEO

---

[6] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[7] The administrative judge informed the appellant in the acknowledgement order that he ultimately had the burden of proving that the Board has jurisdiction over his appeal. IAF, Tab 3. However, it is not clear whether he applied the nonfrivolous allegation standard or the preponderant evidence standard in deciding the involuntariness of the appellant's retirement. *See* ID at 6-10. Any possible error in this respect is harmless, however, because the existing record is fully developed on the jurisdictional issue. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶¶ 10-11 (2009). Accordingly, we clarify that we are applying the preponderant evidence standard and modify the initial decision to the extent that the administrative judge applied the lesser nonfrivolous allegation standard.

complaint. *Id*. at 8-9. He further alleges that the agency improperly reassigned some of his cases. *Id*. at 9. The appellant claims, moreover, that the assignment of an unsatisfactory performance rating and his placement on a PIP were not supported by his performance. *Id*. at 11.

¶12    The doctrine of coerced involuntariness is a narrow one and does not apply if the employee resigns or retires because he does not like agency decisions such as "a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels that he has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). The coercion must be "the result of improper acts by the agency." *Id*. The Board has specifically found that dissatisfaction with a performance rating and an unsuccessful challenge to that rating would not compel a reasonable person to resign. *Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶ 9 (2007). Furthermore, the Board has held that a resignation is not involuntary even where an employee alleges that he has been unjustifiably threatened with discipline or disagrees with the tasks that he has been assigned. *See Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 19-20 (2008) (explaining that allegations of being assigned to onerous tasks, being unjustifiably threatened with discipline, and being subjected to unnecessary investigations did not suffice to prove an allegation of involuntary resignation). Thus, we find that these allegations fail to show that the appellant's retirement was involuntary.

¶13    The appellant also argues that the agency violated "personnel rules and procedures" when it denied his WIGI but that the administrative judge did not give proper weight to this denial or how it affected the hostile working conditions that he was forced to endure. PFR File, Tab 1 at 11-12. The Board has held that not all agency actions rise to the level of coercion, even if they are improper. *See Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 23 (2014) (finding that the suspension of a security clearance alone does not rise to the level

of coercion for the purposes of a constructive action). Consequently, even if it is later determined that the appellant's WIGI was improperly denied, we find that such a denial would not have compelled a reasonable person in the appellant's position to retire.

¶14 Next, the appellant disagrees with the administrative judge's finding that he failed to properly pursue his reasonable accommodation request. PFR File, Tab 1 at 16. He specifically challenges whether the agency actually attempted to find him a reasonable accommodation because he argues that the Disability Program Manager did not make a bona fide effort to find him another position. *Id.* at 13-14. In finding that the appellant failed to present evidence of intolerable working conditions, the administrative judge cited the Disability Program Manger's email offering to discuss alternative reasonable accommodations as well as the agency's statement that the appellant made no further attempts to discuss possible accommodations. ID at 9 (citing IAF, Tab 20 at 175). He also cited the fact that the appellant went on extended leave shortly after making his reasonable accommodation request. ID at 9 (citing IAF, Tab 18 at 5). As discussed below, we agree with the administrative judge that the appellant failed to establish intolerable working conditions in this respect.

¶15 A retirement may be an involuntary action within the Board's jurisdiction if an agency improperly denied an employee's request for a reasonable accommodation of a medical condition. *See, e.g.*, *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010). Here, we find that the appellant did not afford the agency the opportunity to determine the appropriate accommodation. He requested a reasonable accommodation in the form of a reassignment in June 2012. IAF, Tab 21 at 155. On July 10, 2012, the Disability Program Coordinator stated that, although the appellant's second-level supervisor would support his reassignment, despite her attempts, she had not identified any vacant, funded positions for his reassignment. *Id.* at 150. On July 12, 2012, she informed the appellant that the agency would not be able to reassign him but that

she would be available to discuss alternative accommodations, including approved telework, a modified schedule, and an adjusted supervisory method. *Id.* at 144-45. From July to October 2012, the appellant was out on leave and remained on leave until announcing his retirement. IAF, Tab 20 at 81-105, 169. We therefore find that the agency's initial denial regarding the appellant's reasonable accommodation request without the opportunity to engage with the appellant to determine the appropriate reasonable accommodation did not render his retirement involuntary. *See Collins v. U.S. Postal Service*, 100 M.S.P.R. 332, ¶¶ 9-14 (2005) (finding that the appellant's retirement was not involuntary when he did not show that the agency unjustifiably failed to offer him an accommodation and he demonstrated that he was not interested in pursuing any option other than retirement).

¶16    The appellant next asserts that he began experiencing a hostile and overly critical work environment in 2010 imposed by the selectee of the promotion that he previously had sought and that issues concerning his performance began to surface at this time. PFR File, Tab 1 at 6. The appellant also asserts that this supervisor knew about his disability, but continued to subject him to a hostile work environment. *Id*. at 9. The appellant disagrees with the administrative judge to the extent that he found that he did not suffer hostile working conditions. *Id*. at 16-17. The administrative judge found that, while the appellant alleged discrimination and reprisal, he failed to present any evidence that the working conditions immediately preceding his resignation were so difficult or intolerable that a reasonable person would have felt they had no choice but to retire. ID at 9 (citing *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1342 (Fed. Cir. 2001)). He also found that, while the appellant alleged he was unfairly criticized for his work product and claimed that the office environment was stressful and that he did not receive enough work, an employee is not guaranteed a working environment free of stress. ID at 9 (citing *Searcy v. Department of*

*Commerce*, [114 M.S.P.R. 281](#), ¶ 13 (2010); *Miller v. Department of Defense*, [85 M.S.P.R. 310](#), ¶ 32 (2000)).  We agree with these findings.

¶17    We further find that the fact that the appellant was on an extended period of leave prior to his retirement weakens his claim that intolerable working conditions compelled him to retire.  "The most probative evidence of involuntariness will usually be evidence in which there is a relatively short period of time between the employer's alleged coercive act and the employee's retirement."  *Terban v. Department of Energy*, [216 F.3d 1021](#), 1024 (Fed. Cir. 2000).  We therefore agree with the administrative judge that the appellant did not prove that he was subjected to a working environment that would have compelled a reasonable person to resign.  *See Axsom v. Department of Veterans Affairs*, [110 M.S.P.R. 605](#), ¶ 16 (2009) (finding that the appellant was on extended leave prior to his decision to resign, and thus had little, if any, contact with any allegedly hostile supervisors in the months leading up to his resignation, which further weakened any inference that any alleged harassment and discrimination on their part weighed heavily in his decision).

¶18    The appellant argues that the administrative judge failed to give proper weight to, inter alia:  (1) the fact that his previous EEO complaint may have been the motive for the agency's overly critical supervision; (2) his mental disability that had required him to both take two periods of extended leave and file a workplace traumatic injury claim; and (3) the denial of his reasonable accommodation.  PFR File, Tab 1 at 7, 14.  We find that these factors do not provide a basis for disturbing the initial decision.  First, the appellant had the option to continue to pursue his pending EEO complaint rather than retire, but did not do so.  *See Axsom*, [110 M.S.P.R. 605](#), ¶ 17.  We also find that the agency accommodated the appellant's prolonged leave requests and that, even though the agency eventually called the appellant back to work, such action was not coercive.  *See Vitale*, [107 M.S.P.R. 501](#), ¶¶ 24-26 (finding that the appellant's placement on sick leave certification did not render his working conditions so

intolerable such that a reasonable person would have felt compelled to resign). Thus, the appellant's arguments regarding his disability do not provide a basis for disturbing the initial decision. Furthermore, as previously discussed, we do not find that the denial of the appellant's reassignment as a reasonable accommodation rendered his retirement involuntary. *See Collins*, 100 M.S.P.R. 332, ¶¶ 9-14. Based upon our consideration of the totality of the circumstances, we find that the appellant failed to prove by preponderant evidence that a reasonable person in his position would have felt that he had no choice but to retire. *See Comito v. Department of the Army*, 90 M.S.P.R. 58, ¶¶ 12-13 (2001) (finding that, although it was undisputed that the agency took a number of personnel actions against the appellant, including denying her WIGI, placing her on absence without leave, significantly changing her duties, and proposing her termination, the administrative judge properly concluded that the appellant failed to establish that she was forced to resign due to intolerable working conditions). Accordingly, we find that the appellant failed to establish that his retirement was involuntary.[8]

The appellant's claim regarding the denial of a WIGI is not barred by collateral estoppel.

¶19     The appellant previously filed a Board appeal regarding the denial of his 2012 WIGI, but it was dismissed for lack of jurisdiction because the agency had not yet issued a reconsideration decision. 0612 ID. In July 2012, the agency issued a reconsideration decision affirming the denial of the WIGI. IAF, Tab 22 at 67-69. The reconsideration decision included notice of the appellant's right to file a Board appeal challenging the denial. *Id*. Rather than immediately filing a Board appeal, the appellant first challenged the denial of his 2012 WIGI through

---

[8] Given the Board's lack of jurisdiction over this alleged involuntary retirement appeal, the administrative judge correctly determined that the Board has no independent jurisdiction to adjudicate the appellant's discrimination and reprisal claims. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

the EEO process. IAF, Tab 18 at 48-50. The agency issued a FAD finding, inter alia, that it did not discriminate against the appellant when it denied his WIGI. *Id*. at 36, 41. The appellant filed the instant Board appeal in which he alleged, among other things, that the agency improperly denied his WIGI. IAF, Tab 1. The administrative judge applied collateral estoppel to find that the Board did not have jurisdiction over the WIGI denial. ID at 10-11. We disagree.

¶20    Issue preclusion, or collateral estoppel, bars the relitigation of an issue in a Board appeal when: (1) an issue is identical to the one involved in a prior appeal; (2) the issue was actually litigated in the prior appeal; (3) the determination on the issue in the prior appeal was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005). Collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect and the appellant provides no other valid basis of Board jurisdiction. *Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 11 (2003). Here, the issue that was actually litigated in the prior appeal was whether the Board had jurisdiction over the appellant's WIGI appeal while his reconsideration request was still pending before the agency. 0612 ID. However, the agency subsequently issued a reconsideration decision. IAF, Tab 22 at 67-69. Accordingly, we find that collateral estoppel does not apply to this case. *See Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 8 (2009) (finding that collateral estoppel did not apply to bar jurisdiction over the appellant's Veterans Employment Opportunities Act of 1998 claim where the issue actually previously litigated regarding jurisdiction in the previous appeal was whether his prior complaint was timely filed with the Department of Labor (DOL) and the current appeal involved a subsequently filed DOL complaint). We therefore forward the appellant's claim

regarding the denial of his 2012 WIGI to the regional office for docketing as a separate appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance

---

[9] The administrative judge incorrectly provided mixed-case appeal rights in the initial decision.  ID at 12-15.  Where, as here, the Board lacks jurisdiction over an appeal, we instead provide notice of nonmixed appeal rights, even though the appellant alleges that his retirement was involuntary and based on discrimination and retaliation. *See Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013).

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.